## Sameer Farooq Plaintiff vs. Healthcare Revenue Recovery Group LLC Defendant

**Broward County Case Number:** CACE21001170
**State Reporting Number:** 062021CA001170AXXXCE
**Court Type:** Civil
**Case Type:** Other
**Incident Date:** N/A
**Filing Date:** 01/19/2021
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 21 Singer, Michele Towbin

### − Party(ies)

Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Farooq, Sameer** | | ★ Hindi, Jibrael S<br>Retained<br>Bar ID: 118259<br>Attn: The Law Offices of Jibrael S Hindi<br>110 SE 6th ST<br>STE 1744<br>Fort Lauderdale, FL 33301<br>**Status: Active**<br><br>Patti, Thomas J<br>Retained<br>Bar ID: 118377<br>The Law Offices of Jibrael S. Hindi<br>110 SE 6th Street, Ste. 1744<br>Fort Lauderdale, FL 33301<br>**Status: Active** |
| Defendant | **Healthcare Revenue Recovery Group LLC** | | |

### − Disposition(s)

Total: 0

| Date | Statistical Closure(s) | | |
|------|------------------------|---|---|

| Date | Disposition(s) | View | Page(s) |
|------|----------------|------|---------|

## Event(s) & Document(s)

Total: 4

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 01/20/2021 | **Search for prior case performed per 2020-4-Civ-UFC-CO** | None | 📄 | 1 |
| 01/19/2021 | **Civil Cover Sheet** | Amount: $30,001.00 | 📄 | 3 |
| 01/19/2021 | **eSummons Issuance** | HEALTHCARE REVENUE RECOVERY GROUP LLC, d/b/a ARS ACCOUNT RESOLUTION SERVICES | 📄 | 2 |
| 01/19/2021 | **Complaint (eFiled)** | | 📄 | 16 |

## Hearing(s)

Total: 0

**There is no Disposition information available for this case.**

## Related Case(s)

Total: 0

**There is no related case information available for this case.**

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

Case No: 21-1170

Sameer Farooq
Plaintiff

Judge Division: 21

VS

Healthcare Revenue Recovery
Defendant Group LLc DBA Ars Account
Resolution Services

### CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-73-Civ/2020-74-UFC:

**"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",**

The Clerk has conducted a search for all previous existing civil cases related to these two parties.

Listed below are all the aforementioned related cases: None

Brenda D. Forman
Circuit and County Courts

By:

Deputy Clerk

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.    **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

<u>Sameer Farooq</u>
Plaintiff                                                     Case # _____
                                                              Judge _____

vs.

<u>Healthcare Revenue Recovery Group LLC d/b/a ARS</u>
 Defendant

II.    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

III.    **TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☒ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  2

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Thomas John Patti III          Fla. Bar # <u>118377</u>
      Attorney or party                       (Bar # if attorney)

<u>Thomas John Patti III</u>                <u>01/19/2021</u>
  (type or print name)                  Date

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

SAMEER FAROOQ,

      Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP LLC, *d/b/a* ARS ACCOUNT
RESOLUTION SERVICES,

      Defendant.

_____/

CLASS ACTION

Case No.

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff Sameer Farooq ("Plaintiff") sues Defendant Healthcare Revenue Recovery Group,

LLC, *doing business as* ARS Account Resolution Services ("Defendant") for violations of the

Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act

("FDCPA") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own

acts and experiences, and, as to all other matters, upon information and belief, including

investigation conducted by Plaintiff's attorneys.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to Florida Rule of Civil

Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of

$30,000 exclusive of interest, costs, and attorney's fees.

2.     Defendant is subject to personal jurisdiction in Florida because this suit arises out

of and relates to Defendant's contacts with this state.

3.     Venue for this action is proper in this Court because all facts giving rise to this

action occurred in this circuit.

PAGE | **1** of **12**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 01/19/2021 05:24:45 PM.****

4.      Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the FDCPA and FCCPA, and because Plaintiff is not requesting an advisory opinion from this Court.  Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6.      Defendant is a Florida limited liability company, with its principal place of business located in Sunrise, Florida.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8.      This action involves debt arising from a transaction between the original creditor, Inphynet, and Plaintiff, of which was primarily for the personal benefit of Plaintiff, Plaintiff's family, as well as members of Plaintiff's household (the "Consumer Debt").

9.      Plaintiff is the alleged debtor of the Consumer Debt.

10.     Defendant is a debt collector governed by both the FDCPA and FCCPA.

11.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12.     Defendant is a business entity engaged in the business of collecting consumer debts.

13.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14.     Defendant is an entity required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect consumer debts in Florida.

15.     The Consumer Debt is a debt which Defendant-DC must possess a valid Consumer Collection Agency license to lawfully collect or attempt to collect from Plaintiff.

16.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

17.     Defendant's "Consumer Collection Agency" license number is CCA0900844.

18.     For Defendant's "Consumer Collection Agency" license to remain valid, Defendant-DC is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, of the Florida Administrative Code, and keep such records current within one week of the current date.

19.     Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

20.     Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

21.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

22.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

23. On a date better known by Defendant, Defendant sent Plaintiff a letter (the "Collection Letter") in an attempt to collect the Consumer Debt. Attached hereto as Exhibit "A" is a copy of the Collection Letter.

24. In the Collection Letter, Defendant asserts that the amount of the Consumer Debt is $8,668.50.

25. The Consumer Debt is a time-barred debt, *in that*, the creditor of the Consumer Debt cannot sue Plaintiff to recover or otherwise collect the Consumer Debt.

26. Defendant, by way of the documentation and information it (Defendant) is required to maintain to retain a valid Consumer Collection Agency license, knew that the Consumer Debt was a time-barred debt.

27. Defendant does not disclose in the Collection Letter that the Consumer Debt is a time-barred debt.

28. Defendant does not disclose in the Collection Letter that, because of the age of the Consumer Debt, Plaintiff cannot be sued for its (the Consumer Debt's) collection.

29. In the Collection Letter, Defendant falsely states that Plaintiff promised to pay the Consumer Debt on 07-26-2019.

## CLASS ALLEGATIONS

### PROPOSED CLASS

30. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually, and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of two classes (collectively, the "Classes"), the "FDCPA Class" and the "FCCPA Class."

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

31.     The "**FDCPA Class**" consists of: (1) all persons with Florida addresses (2) who received a letter attempting to collect a time-barred debt (3) from Defendant (4) wherein Defendant did not adequately inform the least sophisticated consumer that making a payment, or even agreeing to make a payment, towards the underlying debt could restart the applicable statute of limitations, thereby availing the consumer to being sued for the recovery of said debt (5) during the twelve [12] months preceding the filing of this Complaint.

32.     The "**FCCPA Class**" consists of: (1) all persons with Florida addresses (2) who received a letter attempting to collect a time-barred debt (3) from Defendant (4) wherein Defendant did not adequately inform the least sophisticated consumer that making a payment, or even agreeing to make a payment, towards the underlying debt could restart the applicable statute of limitations, thereby availing the consumer to being sued for the recovery of said debt (5) during the twenty-four [24] months preceding the filing of this Complaint.

33.     Defendant and its employees or agents are excluded from the Class.

34.     Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

35.     Upon information and belief, Defendant has sent thousands of debt collection e-mails to thousands of consumers throughout the United States without disclosing, *among other things*, the debt that Defendant sought to collect was a *time-barred* debt and that making a payment, or even agreeing to make a payment, could restart the applicable statute of limitations, thereby availing the consumer to being *sued* for the recovery of said debt. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

36.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's e-mail records.

**COMMON QUESTIONS OF LAW AND FACT**

37.     There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are: [1] Whether Defendant sent a letter to Plaintiff and members of the Classes in an attempt to collect a time-barred debt; [2] Whether Defendant is a debt collector; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

38.     The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely sends debt collection letters to consumers in an attempt to collect time-barred debts without also disclosing that fact, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

39.     Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

40.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

<u>**SUPERIORITY**</u>

41.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, albeit limited to $500,000 or 1% of Defendant's net worth, the individual damages incurred by each members of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

***COUNT I.***
<u>**VIOLATION OF 15 U.S.C. § 1692e, § 1692e(2)(A) and § 1692f**</u>
*Individually and on behalf of the FDCPA Class*

43.     Plaintiff incorporates by reference paragraphs 1-42 of this Statement of Claim as though fully stated herein.

44.     Defendant violated § 1692e, § 1692e(2)(A), and § 1692f of the FDCPA because, in light of the least sophisticated consumer standard, the Collection Letter was a deceptive, misleading, unfair, and otherwise an unconscionable attempt to collect a time-barred debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

45.     First, the Collection Letter *does not* inform the least sophisticated consumer that Defendant **cannot** sue to collect the Consumer Debt, or for that matter, inform the least sophisticated consumer that the Consumer Debt is a time-barred debt. <u>Buchanan v. Northland Group, Inc.</u>, 776 F.3d 393, 399 (6th Cir. 2015) (reversing dismissal of FDCPA claim involving a letter that used the term "settlement offer" and stating, "The other problem with the letter is that an unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment. Not true: Some payment is worse than no payment. The general rule in Michigan is that partial payment restarts the statute-of-limitations clock, giving the creditor a new opportunity to sue for the full debt. As a result, paying anything less than the settlement offer exposes a debtor to substantial new risk.") (internal citation omitted);

46.     Second, the Collection Letter *does not* inform the least sophisticated consumer that if the consumer made, or even agreed to make, a partial payment towards the Consumer Debt, the payment would restart the clock on the long-expired statute of limitations – or, put differently, revive a debt that had been long-dead. <u>Smothers</u>, 2016 WL 7485686, at *5 ("The least sophisticated consumer most certainly would not be aware that making a payment could make the debt judicially enforceable again—particularly when the collector tells the consumer that the law limits how long she can be sued and that the collector will not sue. Explaining to the consumer all of the benefits she will receive by making payments on a stale debt, while neglecting to address Kansas law that would make the debt judicially enforceable again, is a misrepresentation of the character and legal status of the debt under the FDCPA. The court determines as a matter of law that defendant violated the FDCPA by sending the letter to plaintiff.").

47.     In a recent compelling decision, the Seventh Circuit issued its decision in <u>Pantoja v. Portfolio Recovery Assocs., LLC</u>, 2017 WL 1160902 (7th Cir. Mar. 29, 2017) whereby the court

directly addressed the ***same facts***, the ***same claim***, and the ***same defendant*** which Plaintiff now brings before this Court in search of relief.

48.     In relevant part, the <u>Pantoja</u> court encapsulated the matter before it as follows:

> The point of controversy here concerns efforts to collect consumer debts on which the statute of limitations has expired when the effort does *not* involve filing or threatening a lawsuit. Compare <u>McMahon v. LVNV Funding, LLC</u>, 744 F.3d at 1020 (7th Cir. 2014) (dunning letters offering to "settle" time-barred debts could violate Act by leading debtors to believe the debts were legally enforceable); <u>Daugherty v. Convergent Outsourcing, Inc.</u>, 836 F.3d 507, 509 (5th Cir. 2016) (effort to collect is not automatically unlawful, but letter violates FDCPA if it could lead unsophisticated consumer to believe her time-barred debt is legally enforceable); and <u>Buchanan v. Northland Group, Inc.</u>, 776 F.3d 393, 397 (6th Cir. 2015) (reversing dismissal on pleadings; offer to settle time-barred debt could violate Act by failing to disclose that suit would be time-barred or that partial payment would remove statute of limitations bar), with <u>Huertas v. Galaxy Asset Mgmt.</u>, 641 F.3d 28, 33 (3d Cir. 2011) holding that attempt to collect a time-barred debt was permissible if litigation not threatened), and <u>Freyermuth v. Credit Bureau Services, Inc.</u>, 248 F.3d 767, 771 (8th Cir. 2001) (same).

<u>Pantoja</u>, 2017 WL 1160902 at *2.

49.     In addressing said issue, the <u>Pantoja</u> court – without provocation – opined that "the opportunities for mischief and deception, particularly when sophisticated parties aim carefully crafted messages at unsophisticated consumers, may well be so great that the better approach is simply to find that any such efforts violate the FDCPA's prohibitions on deceptive or misleading means to collect debts, § 1692e, and on 'unfair or unconscionable means' to attempt to collect debts, § 1692f." <u>Id.</u> at 3. Yet, the court noted that it could "decide [the] case on narrower grounds," as the "plaintiff [did] not argue for that broad rule."

50.     In contrast to the matter at hand, make no mistake, Plaintiff ***urges*** for the implementation of a broad prohibition on the collection of time-barred debt. No matter how regulated or restrictive the practice becomes, so long as the collection of time-barred consumer debt is permissible, debt collectors will develop practices and techniques to circumvent such

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

restrictions. Collecting time-barred debts offers debt collectors too alluring of an opportunity. A time-barred debt can be purchased for a fraction of its face value, thereby making the potential profit so high that the punishment for engaging in deceptive and/or unfair collection practices, i.e., being sued by the debtor, is an easily tolerable cost-of-business for debt collectors.

51.     Shifting back to <u>Pantoja</u>, the Seventh Circuit, after having served both the facts and law, affirmed the district court's summary judgment for the plaintiff, stating:

> We agree with the district court's two reasons for finding that the dunning letter here was deceptive. First, the letter does not even hint, let alone make clear to the recipient, that if he makes a partial payment or even just a promise to make a partial payment, he risks loss of the otherwise ironclad protection of the statute of limitations. Second, the letter did not make clear to the recipient that the law prohibits the collector from suing to collect this old debt. Either is sufficient reason to affirm summary judgment for the plaintiff.

<u>Pantoja</u>, 2017 WL 1160902 at *2

52.     Accordingly, Defendant violated § 1692e, § 1692e(2)(A), and § 1692f of the FDCPA by failing to sufficiently inform the least sophisticated consumer that the Consumer Debt was *absolutely* time-barred.

53.     WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, respectfully, requests this Court to enter a judgment against Defendants and award Plaintiff and the FDCPA Class the following relief:

    (a)     Statutory damages as provided under Fla. Stat. §559.77(2);

    (b)     Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

    (c)     Any other relief that this Court deems appropriate under the circumstances.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT II.
## VIOLATION OF FLA. STAT. § 559.72(9)
*Individually and on behalf of the FCCPA Class*

54. Plaintiff incorporates by reference paragraphs 1-42 of this Statement of Claim as though fully stated herein.

55. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

56. As stated above, Defendant is an entity registered with the Florida Department of State as a Consumer Collection Agency, whereby Defendant's debt collection license number is CCA0900844. Pointedly, Defendant is required to, among other things, adhere to the debt collection regulatory requirements of the FDCPA and FCCPA for Defendant's Consumer Collection Agency license to remain valid.

57. Here, Defendant knowingly engaged in debt collection prohibited by the FDCPA. As set forth in *Count I*, Defendant attempting to collect a time-bared consumer debt from Plaintiff *without* disclosing to Plaintiff, among other things, that the underlying debt was time-barred. *See, e.g.,* Supra ¶ 46 ("the Collection Letter does not inform the least sophisticated consumer that if the consumer made, or even agreed to make, a partial payment towards Consumer Debt, the payment would restart the clock on the long-expired statute of limitations – or, put differently, revive a debt that had been long-dead"). Failing to adequately inform the least sophisticated consumer that the Consumer Debt was, *at minimum,* a debt bared by the applicable statute of limitations is an assertion of a right – *the right to collect a time-barred debt* – that Defendant *knew* did not exist. Simply put, Defendant *knew* that, if it (Defendant) was to *lawfully* attempt to collect a time-barred

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

from a Florida consumer, it (Defendant) was *required* to disclose and otherwise adequately inform the least sophisticated consumer that **making, or even agreeing to make, a partial payment towards the underlying debt would restart the long-expired statute of limitations.**

58.     **As such, Defendant's attempt to collect the time-barred Consumer Debt from Plaintiff was the assertion of right that Defendant *knew* did not exist.**

59.     WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, respectfully, requests this Court to enter a judgment against Defendants and award Plaintiff and the FCCPA Class the following relief:

(a)     Statutory damages as provided under Fla. Stat. §559.77(2);

(b)     Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(c)     Any other relief that this Court deems appropriate under the circumstances.

Dated: January 19, 2021

Respectfully Submitted,

  /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

# EXHIBIT "A"



NGS FL 33075-8668

Account Resolution Services
a division of HRRG, LLC
P.O. Box 459079
Sunrise, FL 33345-9079
Toll Free Phone 800-694-3048
En Español 800-694-3397

Hours of Operation
Mon - Thurs 8:30am EST to 8:00pm EST
Fri 8:30am EST to 5:30pm EST

ARS ▲ 0 0 0 0 0 5

SAMEER FAROOQ
6432 SW 55TH PL
DAVIE FL 33314-6107

Re: 86413238 Promise Reminder
www.arspayment.com
PIN# 2.86413238.515

Dear Sameer Farooq:

Just a brief reminder from ARS — Account Resolution Services. Your promised payment of $8668.50 is due 07/26/2019.

(NOTE: SEE REVERSE FOR IMPORTANT INFORMATION)

To make your payment, just fill in your credit card information on the reverse side of this notice, or enclose your check/money order payable to the creditor, along with the payment voucher below. To pay using our automated IVR accessible 24 hours a day, call 844-PAY-ARS2 (844-729-2772) or visit our website at www.arspayment.com. Both options require the PIN# and the RE: # listed above, along with the last four digits of your social security number.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

(NOTICE: SEE REVERSE SIDE FOR APPLICABLE DISCLOSURES AND PAYMENT INFORMATION.)

✂ - - - - - - - - - - - - - - - - - - - - - - - - - - ✂

Reference #: 86413238          Total Balance: $17337.00          Amount Enclosed  $_____

| Creditor | Account # | Regarding | Amt Owed | ServDate |
|----------|-----------|-----------|----------|----------|
| INPHYNET S BROWARD | 0127290848-41738691 | FAROOQ,SAMEER | 1305.00 | 09/21/13 |
| INPHYNET S BROWARD | 0127691319-41738691 | FAROOQ,SAMEER | 1305.00 | 10/02/13 |
| INPHYNET S BROWARD | 0129621398-41738691 | FAROOQ,SAMEER | 874.00 | 12/02/13 |
| INPHYNET S BROWARD | 0129523841-41738691 | FAROOQ,SAMEER | 874.00 | 11/29/13 |
| INPHYNET S BROWARD | 0128560324-41738691 | FAROOQ,SAMEER | 874.00 | 10/28/13 |

Important Notice: Account List Continued on Next Sheet

ARS
PO BOX 630806
CINCINNATI OH 45263-0806

3 086413238 001733700 0195319658 9 3

A2

**PLEASE NOTE:**  This transaction will appear on your next credit card statement as "ARS".

For your convenience you may pay by MasterCard, VISA, American Express or Discover.  Check the appropriate box, print the cardholder's name as it appears on the card, the card number, the expiration date, sign and return this portion of your statement.

| CREDIT CARD PAYMENT | Please Check Appropriate Box |
|---|---|

**CREDIT CARD PAYMENT**

Please Check Appropriate Box

☐ MasterCard   ☐ VISA   ☐ AMERICAN EXPRESS   ☐   DISCOVER

CARD NUMBER

EXP DATE                    PAYMENT AMOUNT

SIGNATURE                    PHONE NUMBER

NAME AS IT APPEARS ON CARD - PLEASE PRINT

**CHANGE OF ADDRESS**

Address: _____

Apt./Unit#: _____

City: _____

State: _____

Zip: _____



**Continued from Front of Letter:**

| Creditor | Account # | Regarding | Amt Owed | ServDate |
|---|---|---|---|---|
| INPHYNET S BROWARD | 0134617333-41738691 | FAROOQ,SAMEER | 1305.00 | 04/18/14 |
| INPHYNET S BROWARD | 0135002681-41738691 | FAROOQ,SAMEER | 1305.00 | 05/02/14 |
| INPHYNET S BROWARD | 0132720401-41738691 | FAROOQ,SAMEER | 1305.00 | 02/26/14 |
| INPHYNET S BROWARD | 0133222156-41738691 | FAROOQ,SAMEER | 874.00 | 03/15/14 |
| INPHYNET S BROWARD | 0133446436-41738691 | FAROOQ,SAMEER | 1305.00 | 03/20/14 |
| INPHYNET S BROWARD | 0133979791-41738691 | FAROOQ,SAMEER | 1305.00 | 04/05/14 |
| ACS PRIM CR PHYS SW PA | 0118096352-41738691 | FAROOQ,SAMEER | 815.00 | 12/20/12 |
| ACS PRIM CR PHYS SW PA | 0118442864-41738691 | FAROOQ,SAMEER | 1217.00 | 12/31/12 |
| INPHYNET S BROWARD | 0195171139-41738691 | FAROOQ,SAMEER | 1616.00 | 09/13/17 |
| EASTSIDE HOSPITALIST | 0195319655-41738691 | FAROOQ,SAMEER | 563.00 | 09/13/17 |
| EASTSIDE HOSPITALIST | 0195319657-41738691 | FAROOQ,SAMEER | 200.00 | 09/14/17 |
| EASTSIDE HOSPITALIST | 0195319658-41738691 | FAROOQ,SAMEER | 295.00 | 09/15/17 |

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

SAMEER FAROOQ,

     **Plaintiff,**

                                      **CIVIL ACTION SUMMONS**

v.

HEALTHCARE REVENUE RECOVERY
GROUP LLC, d/b/a ARS ACCOUNT
RESOLUTION SERVICES,

     **Defendant.**

_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

HEALTHCARE REVENUE RECOVERY GROUP LLC, d/b/a ARS ACCOUNT
RESOLUTION SERVICES
c/o C T CORPORATION SYSTEM
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

     Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Jibrael. S. Hindi, Esq., The Law Offices of Jibrael S. Hindi, PLLC, 110 SE 6th Street, Suite 1744, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: _____JAN 20 2021_____

                                           Brenda D. Forman, Clerk of the Court

By: _____
                As Deputy Clerk

**BRENDA D. FORMAN**

Page | 1 of 2

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 01/19/2021 05:24:45 PM.****

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:        855-529-9540

*COUNSEL FOR PLAINTIFF*