**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 0:21-cv-60385-AHS

SAMEER FAROOQ,

    Plaintiff,

v.

**CLASS ACTION**

HEALTHCARE REVENUE RECOVERY
GROUP, LLC d/b/a/ ARS ACCOUNT
RESOLUTION SERVICES

    Defendant.
_____/

**DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a
ACCOUNT RESOLUTION SERVICES', ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S CLASS ACTION COMPLAINT**

    COMES NOW, Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ACCOUNT RESOLUTION SERVICES ("HRRG"), and files this its Answer and Affirmative Defenses to the Class Action Complaint in the above-entitled matter, denies each and every allegation in the Complaint, unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

**JURISDICTION AND VENUE**

    1.    Admitted for purposes of jurisdiction, venue and claims identification purposes only; otherwise denied.

    2.    Admitted for purposes of jurisdiction, venue and claims identification purposes only; otherwise denied.

1

3. Admitted for purposes of jurisdiction, venue and claims identification purposes only; otherwise denied.

4. Admitted for purposes of jurisdiction, venue and claims identification purposes only; otherwise denied.

## PARTIES

5. Admitted for purposes of jurisdiction and venue only; otherwise denied.

6. Admitted for purposes of jurisdiction and venue only; otherwise denied.

7. Defendant hereby demands a jury trial.

## FACTUAL ALLEGATIONS

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted to the extent that on July 16, 2019 HRRG sent the attached letter to the Plaintiff; otherwise denied.

24. Admitted to the extent that the document provided in Exhibit A is self-evident. Otherwise, denied; Defendant HRRG demands strict proof thereof.

25. Denied; Defendant HRRG demands strict proof thereof.

26. Denied; Defendant HRRG demands strict proof thereof.

27. Admitted to the extent that the document provided in Exhibit A is self-evident. Otherwise, denied; Defendant HRRG demands strict proof thereof.

28. Denied; Defendant HRRG demands strict proof thereof.

29. Denied; Defendant HRRG demands strict proof thereof.

## CLASS ACTION ALLEGATIONS

30. Admitted only to the extent of claims identification. Otherwise, denied.

31. Denied. Defendant HRRG demands strict proof thereof.

32. Denied. Defendant HRRG demands strict proof thereof.

33. Denied. Defendant HRRG demands strict proof thereof.

34. Denied. Defendant HRRG demands strict proof thereof.

35. Denied. Defendant HRRG demands strict proof thereof.

36. Denied. Defendant HRRG demands strict proof thereof.

37. Denied. Defendant HRRG demands strict proof thereof.

38. Denied. Defendant HRRG demands strict proof thereof.

39. Denied. Defendant HRRG demands strict proof thereof.

40. Denied. Defendant HRRG demands strict proof thereof.

41. Denied. Defendant HRRG demands strict proof thereof.

42. Denied. Defendant HRRG demands strict proof thereof.

## Count I
### [Fair Debt Collection Practices Act]

43. HRRG incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

44. Denied. Defendant HRRG demands strict proof thereof.

45. Admitted to the extent that the subject correspondence does not disclosed that the Plaintiff cannot be sued to collect the consumer debt; otherwise denied.

46. Admitted to the extent that the subject correspondence does not contained the language identified on Plaintiff's statement in this Paragraph. Otherwise, denied.

47. Denied; Defendant demands strict proof thereof.

48. Denied; Defendant demands strict proof thereof.

49. Denied; Defendant demands strict proof thereof.

50. Denied; Defendant demands strict proof thereof.

51. Denied; Defendant demands strict proof thereof.

52. Denied; Defendant demands strict proof thereof.

53. Denied; Defendant demands strict proof thereof.

## Count II
### [Florida's Consumer Collection Practices Act]
### Section 559.72(9) *Fla. Stat.*

54. HRRG incorporates by reference all its answers to the above paragraphs of the Complaint as though fully stated herein.

55. Admitted to the extent that the subject Paragraph accurately recites the prohibition outlined under Section 559.72(9) *Fla. Stat.* other denied.

56. Admitted to the extent that the subject correspondence does not contained the language identified on Plaintiff's statement in this Paragraph. Otherwise, denied.

57. Admitted.

58. Denied; Defendant demands strict proof thereof.

59. Denied; Defendant demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff failed to state a claim upon which relief can be granted. Therefore, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations of the Fair Debt Collection Practices Act ("FDCPA") since the alleged action or inaction, even if demonstrated as true, exceeds more than one (1) year from the date of the filing of this Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

While HRRG denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then HRRG alleges such damage was not caused by HRRG but was proximately caused or contributed to by the conduct of others for whom HRRG is not responsible or liable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred in whole or in part because HRRG at all times acted in a reasonable manner and in good faith.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has been damaged, which HRRG specifically denies, Plaintiff has failed to mitigate those damages and therefore should not be able to recover any unmitigated damages from HRRG.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiffs failed to take reasonable steps to mitigate damages with respect to the matters alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

HRRG lacked "actual knowledge" to support a claim under Section 559.72(9) *Fla. Stat.* against the Plaintiff or any alleged or prospective class member.

**NINTH AFFIRMATIVE DEFENSE**

Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to Section 1692k of the Fair Debt Collection Practices Act (FDCPA), and/or Florida's Consumer Collection Practices Act (FCCPA) because such actions or inactions, if they occurred were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such errors.

**WHEREFORE,** Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ACCOUNT RESOLUTION SERVICES prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. dismissing all alleged causes of action against HRRG with prejudice and on the merits; and

2. awarding HRRG such other and further relief as the Court deems just and equitable, including its fees and reasonable costs in defending against this action.

Dated this **19th** day of February **2021.**

Respectfully submitted,

<u>/s/ *Ernest H. Kohlmyer, III*</u>
Ernest H. Kohlmyer, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **February 19, 2021**, via the Clerk of Court's CM/ECF system which will provide electronic notice to the attorneys of record.

<u>*/s/ Ernest H. Kohlmyer, III*</u>
Ernest H. Kohlmyer, III
Florida Bar No.: 110108
SKohlmyer@shepardfirm.com

Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Phone: (407) 622-1772
Fax: (407) 622-1884
*Attorneys for Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ACCOUNT RESOLUTION SERVICES.*
